IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DOUGLAS JACKSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-098-A |
| | § | (NO. 4:06-CR-010-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

After having reviewed the motion of movant, Douglas Jackson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, the government's response thereto, and movant's reply, the court has concluded that such motion should be denied.

I.

Background

Following a plea of guilty on April 14, 2006, to the offense of possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), movant was sentenced on July 28, 2006, to a term of imprisonment of 264 months. He did not appeal his conviction or sentence. He filed his motion under 28 U.S.C. § 2255 on February 9, 2007.

II.

Claims that are not Cognizable

Three of movant's claims are that (1) his Fourth Amendment rights were violated because there was no probable cause for the traffic stop incident to his arrest, (2) the evidence was insufficient to sustain his conviction, and (3) the court misapplied the career-offender enhancement under section 4B1.1 of the United States sentencing guidelines. Those three claims are not cognizable on collateral review.

A defendant who has pleaded in open court that he is guilty of the offense charged against him may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred before he entered his guilty plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). Rather, such a defendant must limit his attack to the voluntary and intelligent character of the guilty plea by showing that he received advice from counsel that was not within the standards set forth in McMann v. Richardson, 397 U.S. 759 (1970). Id.

Similarly, insufficiency of the evidence to sustain the conviction is not a contention cognizable under 28 U.S.C. § 2255. Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972).

2

Nor is misapplication of the sentencing guidelines. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).

Therefore, the three claims discussed under this heading are without merit.

### III.

### Claims that are Procedurally Barred

Two of movant's claims are procedurally barred. He contends that (1) the court constructively amended the plea agreement by attributing to him for sentencing purposes a quantity of crack cocaine instead of powder cocaine and (2) the career-offender enhancement is unconstitutional because it was not part of the indictment or the plea agreement. Those two claims are procedurally barred because movant failed to raise them in this court or on appeal.

A defendant may not raise issues of that sort for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.[1] <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982);

---

[1] Movant did not claim "actual innocence" in his motion, with the result that the "actual innocence" exception, <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991), does not apply. He maintains in his reply that he did, and continues, to claim actual innocence by his conclusory assertion that he did not have actual or constructive possession of the controlled substance to which the count of the
(continued...)

3

United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). To establish cause and actual prejudice, a defendant ordinarily must show that an objective factor external to the defendant impeded the defendant's efforts to raise the issue as required by the relevant procedural rule, Coleman v. Thompson, 501 U.S. 722, 753 (1991), and that the error he alleges worked to his actual and substantial disadvantage, thus infecting his entire trial with error of constitutional dimensions, Frady, 456 U.S. at 170. If movant has failed to show either prong, his request for collateral relief is foreclosed. Id. at 167-68; United States v. Bondurant, 689 F.2d 1246, 1250 (5th Cir. 1982). He must meet the cause and actual prejudice test even if he alleges fundamental constitutional error. Shaid, 937 F.2d at 232.

Movant does not plead anything that would provide a valid reason for his failure to raise in this court or on direct appeal his contention that this court constructively amended the plea agreement or his claim that the career-offender enhancement is

---

[1](...continued)
indictment in question referred. Apparently movant is maintaining that the facts to which he stipulated in his factual résumé do not establish the element of possession. In other words, movant's "actual innocence" claim seems to be based on a distorted view of what constitutes actual or constructive possession. His conclusory contention relative to possession does not raise a viable "actual innocence" claim.

4

unconstitutional. Moreover, he has alleged no facts that would provide substance to either of those claims even if they were properly presented.

The plea agreement was not constructively amended. Rather, as authorized, movant was held responsible for conversion of powder cocaine to crack cocaine for sentencing purposes because the conversion was foreseeable to movant. <u>United States v. Booker</u>, 334 F.3d 406, 414 (5th Cir. 2003). Here, the presentence report ("PSR") recites based on reliable information that on two separate occasions movant purchased one-half kilogram of powder cocaine and a co-conspirator "cooked it" into crack cocaine for him. PSR, ¶¶ 9 & 26. The conversion of the powder cocaine was reasonably foreseeable to movant and was a part of the criminal activity jointly undertaken by movant and another. The plea agreement specifically said that the sentence would be imposed by the court after consideration of the sentencing guidelines, that movant understood that no one could predict the outcome of the court's consideration of the guidelines, and that movant understood that the actual sentence was solely in the discretion of the court so long as it did not exceed the statutory maximum. Plea Agreement, ¶ 4. Furthermore, before movant entered his plea of guilty he said that he understood that the court was not bound

to sentence him based on facts to which he stipulated. and could take into account facts not mentioned in the stipulated facts. Tr. of Apr. 14, 2006, Hr'g at 12, 15-16.

As to the claim related to the career-offender enhancement, movant asserts that the enhancement is unconstitutional because it was not part of the indictment or the plea agreement. His argument overlooks the pronouncement of the Fifth Circuit that career-offender status is not a sentencing judge's determination of fact other than a prior conviction and is, therefore, not required to be proven to a jury or admitted by the defendant. United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005). Finally, on this point, considering the quantity of drugs properly attributed to movant at sentencing, his base offense level was no higher with the career-offender enhancement that it was without the enhancement. Second Add. at 2. Thus, in any event, there was no prejudice.

## IV.

## The Ineffective Assistance of Counsel Claims Are Without Merit

Movant was represented by three different attorneys before he entered his plea of guilty.[2] He claims that two of them provided ineffective assistance of counsel. While movant refers to them in his motion as his "first" and "second" or "subsequent" counsel, he clarified by a document titled "Clarification re. representation(s)," which is inserted immediately in front of the exhibits to his motion, that he is referring to Brett Boone ("Boone"), who actually was his second counsel, when he uses "first" counsel in his motion, and to William Alexander

---

[2] Shortly after the indictment was filed in January 2006, the magistrate judge assigned to this case appointed Jeffrey L. Cureton ("Cureton") to serve as counsel for movant. On February 23, 2006, Brett Boone ("Boone") entered an appearance as retained counsel for movant. When movant appeared before the court for arraignment on February 24, 2006, the court, after satisfying itself that movant no longer wished to have a court-appointed attorney and wished Boone to replace Cureton as his attorney, ordered that Boone be substituted for Cureton as attorney for movant. On March 27, 2006, Boone filed a motion to withdraw as attorney of record, informing the court that movant desired to terminate the attorney-client relationship between movant and Boone. Boone expressed in the motion the expectation that William Alexander ("Alexander") would be filing a motion to substitute counsel. On March 28, 2006, the court had a telephone conference/hearing with movant, Boone, and Alexander on the line, and satisfied itself that movant did, indeed, wish to replace Boone with Alexander as his attorney. By order signed March 28, 2006, the court granted Boone's motion to withdraw and ordered that Alexander be substituted for Boone as counsel for movant. On March 31, 2006, Alexander entered his formal appearance as retained attorney for movant.

7

("Alexander"), who actually was his third counsel, when he refers to "second" or "subsequent" counsel in his motion.

Movant's complaint against Boone seems to be that Boone failed adequately to pursue suppression issues and to challenge probable cause. Mot. at 5; id., Mem. in Supp. at 1-2. The claims as to Alexander appear to be that he failed to challenge probable cause, to object to sentencing enhancements, and to object to claimed PSR errors. Mot. at 5; id., Mem. in Supp. at 1-3.

In order to prevail on an ineffective assistance of counsel ground, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. To establish the first prong, the defendant must overcome a strong presumption that his counsels' conduct falls within the wide range of reasonable professional assistance. Id. at 689. It is not enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d

176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989). For the second prong, the defendant must show that his counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.[3] Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984).

As to Boone, movant does not allege any fact that would support a conclusion that Boone was ineffective counsel. The record affirmatively shows that movant's claims against Boone have no merit. The claims complain that Boone did not take appropriate steps to suppress evidence. The record shows that Boone did all he could do to cause the challenged evidence to be suppressed. On March 13, 2006, Boone filed on behalf of movant a motion to suppress that challenged in an appropriate manner the evidence movant claims should have been suppressed. The government filed an answer to the motion on March 17, 2006. By

---

[3] If the defendant cannot show that the ineffectiveness of his counsel deprived him of a substantive or procedural right to which the law entitles him, then he must show that the result of the proceeding was fundamentally unfair or unreliable. Williams v. Taylor, 120 S. Ct. 1495, 1512-13 (2000) (discussing Lockhart v. Fretwell, 506 U.S. 364 (1993), and Nix v. Whiteside, 475 U.S. 157 (1986)).

order signed March 20, 2006, the court ordered the motion to be heard at 10:00 a.m. on April 4, 2006. Before it could be heard, movant requested that Boone withdraw as his attorney. Mot. to Withdraw, Attach. (signed by movant). In the telephone conference/hearing conducted March 28, movant represented to the court that he wanted Alexander to be his attorney, and that he wanted Boone to be discharged from representing him. By order signed March 28, 2006, the court granted movant's request that Alexander be substituted for Boone as his attorney. There is no hint in the record, or in the allegations of movant's motion under § 2255 (other than purely conclusory allegations), that Boone performed in any manner that was below an objective standard of reasonableness. There is certainly no showing that any conduct on the part of Boone caused any of the outcomes in movant's criminal case about which movant complains.

The record establishes affirmatively that Alexander's performance did not fall below an objective standard of reasonableness as to movant's claims that he failed to object to sentencing enhancements and to claimed PSR errors. The enhancement of which movant complains is the career-offender enhancement. Not only does the record show that the enhancement was proper, it shows that it played no role in determining the

length of movant's sentence of imprisonment. The complaint that Alexander failed to object to claimed PSR errors pertains to the opinion of the probation officer that reliable information authorized the probation officer to take into account quantities of crack cocaine in determining the offense level. The record establishes that any objection Alexander might have made on behalf of movant on that subject would have been without merit. Consequently, Alexander cannot be faulted for not making such an objection.

Finally, movant alleges no facts that would support a finding that Alexander's performance fell below an objective standard of reasonableness as to the probable cause, or suppression, issue. Alexander gave the following explanation in his affidavit:

> On my first meeting with Defendant we discussed how his defense should be handled. Defendant related his drug activities, the facts about his arrest in this case and he admitted his guilt. Also, we discussed the fact that at least one of his Co-Defendants and probably both would testify against him. My opinion was that he should enter into a plea bargain agreement since a trial would end in a conviction. He agreed. A Motion to Suppress Evidence of his arrest had been filed by his previous lawyer. My opinion was that the Motion to Suppress would not be successful, based on the facts even though he was arrested without warrant. There was sufficient evidence to support the arrest without warrant. To pursue an unsuccessful motion would result in Defendant losing credit for acceptance

> of responsibility. Defendant understood that I
> proposed to withdraw the Motion to Suppress, enter a
> plea bargain agreement, and plead him guilty.
> Defendant agreed to this and authorized me to do this.

Resp., App., Aff. of Alexander at 1-2.

While other criminal defense attorneys might have handled the matter differently than Alexander, movant has offered nothing that would overcome the strong presumption that Alexander's conduct falls within the wide range of reasonable professional assistance. Nor is there anything in the record that would support a finding that if the motion to suppress had been pursued movant would be any better off. If the court were to give credence to factual assertions made in the government's answer to movant's motion to suppress, the court would conclude that the motion was without merit. Gov't's Ans. to Mot. to Suppress.

In his reply to the government's response to his motion, movant asserts that Alexander "chose to abandon the Fourth Amendment claim, against the underlying wishes of the defendant." Reply at 7. Movant states that he "hopes to develop this issue through an evidentiary hearing."[4] Id. at 10. Even if movant

---

[4]The court notes that movant's reply is not verified by oath or statutory declaration--indeed, it is not signed. Movant's signature appears only on the certificate of service. Reply at 21. Movant appears not to have provided any evidentiary basis for his claims. While the form he used for filing his motion under 28 U.S.C. § 2255
(continued...)

were to establish that the abandonment of his Fourth Amendment claim was against his wishes, he would be no better off because he has made no showing that pursuit of the motion to suppress would have changed the outcome. Nothing would be gained by a hearing on the issue.

V.

Order

For the reasons given,

The court ORDERS that movant's motion be, and is hereby, denied.

SIGNED May 24, 2007.

_____
JOHN McBRYDE
United States District Judge

---

[4] (...continued)
has a place for him to sign and make a statutory declaration in support of the allegations in the motion, movant chose not to sign at the place provided. Mot. at 14.

13